# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

KEVIN THORNBURG,

    Plaintiff,                                                    CASE NO.:

-vs-

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., FIRST PREMIER BANK, RADIUS
GLOBAL SOLUTIONS LLC, and THE BANK
OF MISSOURI,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kevin Thornburg (hereinafter "Plaintiff"), sues Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., First Premier Bank, Radius Global Solutions LLC, and The Bank of Missouri, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## PRELIMINARY STATEMENT

1.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA and FDCPA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Warner Robins, Georgia; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA and FDCPA.

6. The debt in question in this matter is a consumer debt as defined by the FCRA and FDCPA.

7. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business located at 1550 Peachtree St NW, Atlanta, GA 30309-2402, with a registered agent ("Lisa Stockard") located at the same address.

8. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Experian Information Services, Inc. ("Experian") is a corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, with a registered agent in Georgia ("CT Corporation System") located at 289 S. Culver St., Lawrenceville, GA 30046.

11. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. First Premier Bank is a corporation with its principal place of business located at 601 S. Minnesota Ave., Sioux Falls, SD 57104 which conducts business in the State of Georgia.

14. Radius Global Solutions LLC ("Radius") is a corporation with its principal place of business located at 50 W. Skippack Pike, Ambler, PA 19002 which is authorized to conduct business in the State of Georgia through its registered agent, CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

15. The Bank of Missouri is a corporation with its principal place of business located at 916 N. King Highway, Perryville, MO 63775 which conducts business in the State of Georgia.

## FACTUAL ALLEGATIONS

16. In 2019 Plaintiff planned to purchase a home.

17. Before scheduling the closing, it came to Plaintiff's attention that his credit score had dropped significantly due to several fraudulent accounts appearing on his credit reports.

18. Plaintiff's Equifax and Experian credit reports were showing that he had accounts with First Premier Bank and The Bank of Missouri.

19. Plaintiff has never had any account or business dealings with either First Premier Bank or The Bank of Missouri.

20. Plaintiff disputed the fraudulent accounts with both Equifax and Experian.

21. Experian and Equifax each responded to Plaintiff's dispute by VERIFYING the false and inaccurate information they are reporting about Plaintiff regarding the alleged First Premier Bank and The Bank of Missouri accounts.

22. While this was pending, Plaintiff lost out on the home he planned to purchase and decided to continue renting instead.

23. Subsequently, it came to Plaintiff's attention that Radius was attempting to collect a debt from him that did not belong to Plaintiff.

24. Plaintiff disputed the Radius account with Experian.

25. Experian responded by VERIFYING the false and inaccurate information it is reporting about the Plaintiff regarding the Radius account.

26. To date, the First Premier Bank and The Bank of Missouri accounts continue to report on Plaintiff's Equifax and Experian credit reports.

27. To date, the Radius account continues to report on Plaintiff's Experian credit report.

28. As a result of the conduct, action, or inaction of Equifax, Experian, First Premier Bank, and The Bank of Missouri, Plaintiff was denied a home loan and lost out on his dream of purchasing his own home.

29. As a result of the conduct, action, or inaction of the Defendants, Plaintiff's credit score has dropped significantly.

30. As a result of the conduct, action, or inaction of the Defendants, Plaintiff has suffered the embarrassment and humiliation of a credit denial.

31. As a result of the conduct, action, or inaction of the Defendants, Plaintiff has suffered from stress, sleeplessness, anger, worry, frustration, fear, and loss of his personal time.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Credit Reporting Act as to Equifax

32. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

33. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

34. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered by losing out on his opportunity to own a home, a loss of his personal time, diminished credit score, and the emotional distress described in this Complaint.

35. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of the Fair Credit Reporting Act as to Equifax

37. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

38. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file.

39. Equifax had all of the documentation it needed to know that the information it was reporting was erroneous. However, Equifax failed to do any meaningful reinvestigation into Plaintiff's dispute, ignoring documents that supported Plaintiff's position.

40. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by losing out on his opportunity to purchase a home, reduced credit score and the damages outlined in this Complaint.

41. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his

attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act as to Experian

43. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

44. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Experian, Plaintiff suffered by losing out on his opportunity to own a home, a loss of his personal time, diminished credit score, and the emotional distress described in this Complaint.

46. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
**Violations of the Fair Credit Reporting Act as to Experian**

48. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

49. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

50. Experian had all of the documentation it needed to know that the information it was reporting was erroneous. However, Experian failed to do any meaningful reinvestigation into Plaintiff's dispute, ignoring documents that supported Plaintiff's position.

51. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by losing out on his opportunity to purchase a home, reduced credit score and the damages outlined in this Complaint.

52. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
**Violations of the Fair Credit Reporting Act as to First Premier Bank**

54. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

55.     First Premier Bank furnished false representations to Equifax and Experian and through Equifax and Experian to all of Plaintiff's potential lenders on multiple occasions.

56.     First Premier Bank violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of First Premier Bank's representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

57.     First Premier Bank violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information was inaccurate.

58.     First Premier Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. Instead, it knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize Plaintiff was not a liable party.

59. As a result of the actions or inactions of First Premier Bank Plaintiff suffered the damages described in this Complaint, including loss of the ability to purchase a home and emotional distress.

60. First Premier Bank's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

61. Plaintiff is entitled to recover reasonable attorney's fees and costs from Credit First in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against First Premier Bank to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
**Violations of the Fair Credit Reporting Act as to Radius**

62. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

63. Radius furnished false representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions.

64. Radius violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Radius' representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

65. Radius violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information was inaccurate.

66. Radius violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian that it knew was inaccurate.

67. Radius did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. Instead, it knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize Plaintiff was not a liable party.

68. As a result of the actions or inactions of Radius Plaintiff suffered the damages described in this Complaint, including emotional distress and a reduced credit score.

69. Radius' conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

70. Plaintiff is entitled to recover reasonable attorney's fees and costs from Radius in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Radius to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of the FDCPA as to Radius

71. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

72. At all times relevant to this action Radius, as a debt collector, must comply with the FDCPA.

73. Radius violated § 1692 f (1) by attempting to collect a debt that is not authorized by law or contract.

74. Radius' actions resulted in the Plaintiff suffered from the damages outlined in this complaint, including but not limited to emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Radius to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to the relevant sections of the FDCPA; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
**Violations of the Fair Credit Reporting Act as to The Bank of Missouri**

75. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

76. The Bank of Missouri furnished false representations to Experian and Equifax and through Experian and Equifax to all of Plaintiff's potential lenders on multiple occasions.

77. The Bank of Missouri violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its' representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

78. The Bank of Missouri violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information was inaccurate.

79. The Bank of Missouri did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. Instead, it knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize Plaintiff was not a liable party.

80. As a result of the actions or inactions of The Bank of Missouri Plaintiff suffered the damages described in this Complaint, including emotional distress and a reduced credit score.

81.   The Bank of Missouri's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

82.   Plaintiff is entitled to recover reasonable attorney's fees and costs from The Bank of Missouri in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against The Bank of Missouri to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Octavio "Tav" Gomez, Esq.*
Octavio "Tav" Gomez, Esq.
Georgia Bar No.: 617963
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
TGomez@ForThePeople.com
MMartinez@forthepeople.com
*Counsel for Plaintiff*